JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DANIEL R. KALEBA (CABN 223789)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone: (408) 535-5061
    Fax:  (408) 535-5066

Attorneys for Plaintiff

E-Filed
APR 2 7 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>v. <br><br>JOHN D. TERZAKIS, <br>ROBERT E. ESTUPINIAN, <br><br>    Defendants. | No.  CR 09-01212 JF <br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCOVERY OF PERSONAL AND FINANCIAL INFORMATION |

    With the agreement of the parties, and with the consent of defendants John Terzakis and Robert Estupinian (collectively, the "defendants"), the Court enters the following order:

    Defendants are charged in a twelve count indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud (five counts), in violation of 18 U.S.C. § 1343; money laundering (five counts), in violation of 18 U.S.C. § 1957(a); and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), arising out of their participation in the tax-deferred real estate exchange Vesta Strategies, LLC ("Vesta").

//

//

The indictment alleges that defendants conspired in a scheme to defraud Vesta clients of their deposits, and used interstate financial wire transfers in furtherance of the scheme, resulting in a claimed loss of approximately $25 million. As part of this investigation, the government obtained numerous records containing personal identifying information, including social security numbers, and private financial information, including financial account information, belonging to the Vesta clients and victims in this case.

Upon request, the United States will produce to counsel for the defense discovery that contains personal identifying information and private financial information belonging to the Vesta clients and victims in this case. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the government requests that disclosure of these materials be subject to the following restrictions:

1. The defense will take reasonable and appropriate measures to preserve the privacy of the protected documents. The defense will not disseminate the documents without redacting personal identifying information, including social security numbers, and private financial information, including financial account information, except under the circumstances listed in ¶¶ 2-5, below.

2. The following individuals shall be permitted to examine unredacted versions of the protected documents:

   A. Counsel for each defendant, John Terzakis or Robert Estupinian;
   B. Members of the defense counsel's law office who are assisting with the preparation of Messrs. Terzakis or Estupinian's defense;
   C. Experts or investigators retained by counsel for each defendant in connection with this case;
   D. The institution that generated the document, where applicable;
   E. The Vesta client who is the subject of the document;
   F. The institution to which the protected information pertains (for example, the defense may disclose an unredacted Bank of America account number to Bank of America);

PROTECTIVE ORDER
*United States v. Terzakis et al.*
CR 09-01212 JF                                            2

G.   Defendants Mr. Terzakis and Mr. Estupinian shall be permitted to examine unredacted versions of the protected documents, but shall not be permitted to retain them.

3.   If the defense wishes to disclose an unredacted protected document to a party not listed in ¶ 2, it may make an *ex parte* application to the Court, and may make such disclosure as the Court permits.

4.   Any pleading that includes unredacted protected documents, or the protected content of such documents, shall be filed under seal.

5.   No one shall be permitted to examine any protected document pursuant to ¶ 2C until he or she has signed an acknowledgment of the terms of the protective order.

6.   At the conclusion of this case, including any appeal, habeas petition, or petition for certiorari, the defense shall destroy all unredacted protected documents in its possession and shall direct anyone who has received such documents pursuant to ¶ 2C to return the documents to the defense for destruction.

7.   Nothing in this stipulated protective order shall preclude either party from seeking further modification or relief from the Court.

//
//
//
//
//
//
//
//
//
//
//
//

PROTECTIVE ORDER
*United States v. Terzakis et al.*
CR 09-01212 JF                                3

8. This protective order does not address the method for handling such documents at trial. The parties agree to reserve that question for a later date.

STIPULATED:

DATED: March 24, 2010

        /s/
NICHOLAS P. HUMY
Attorney for Defendant John D. Terzakis

DATED: April 15, 2010

        /s/
JAMES T. REILLY
Attorney for Defendant Robert E. Estupinian

DATED: March 24, 2010

        /s/
DANIEL R. KALEBA
Assistant United States Attorney

IT IS SO ORDERED that disclosure of the above-described discovery materials shall be restricted as set forth above.

DATED: April 27, 2010

PATRICIA V. TRUMBULL
United States Magistrate Judge